IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-112-BO

| | |
|---|---|
| BELINDA ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

This matter is before the court on Defendant's Motion to Remand and Plaintiff's Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Wilmington, North Carolina on July 16, 2008, and the matter is now ripe for ruling. For the reasons discussed below, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED and the Judgment is REVERSED.

BACKGROUND

On June 18, 1998, Plaintiff filed for benefits alleging disability since January 19, 1998. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling on February 29, 2000. The Appeals Council remanded the matter for a second hearing, which was held on December 20, 2001, and followed by a supplemental hearing on March 14, 2002. The ALJ again issued an unfavorable decision on October 10, 2002. Plaintiff appealed and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff filed a complaint with this court on February 18, 2004. This court reversed and remanded the decision for further action. On June 15, 2005, the ALJ held another

hearing. At this time, Plaintiff's medical conditions improved and she was able to return to work. As a result, she sought a closed period of benefits from January 1, 1998, through April 7, 2003. On September 22, 2005, the ALJ issued another unfavorable ruling in which he found Plaintiff was not disabled during this closed period. The Appeals Council denied Plaintiff's request for review. Again, the ALJ's decision was final and Plaintiff timely commenced the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the

2

Case 7:07-cv-00112-BO   Document 20   Filed 08/08/08   Page 2 of 4

alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof on steps one through four. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The Commissioner bears the burden at step five. *Id.*

At the most recent hearing, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the closed period. Only Plaintiff's status post carpal tunnel release was considered severe at step two. This finding differed substantially from previous decisions, which found that Plaintiff's dysthymia, borderline intelligence, hypertension, and diet controlled diabetes were severe. At step three, the ALJ determined that her carpal tunnel release did not meet or equal a listing at step three. The ALJ concluded that Plaintiff could perform her past relevant work as a housekeeper. This was also contrary to the previous ALJ decisions. Based on his determination that Plaintiff could perform her past relevant work, the ALJ concluded that Plaintiff was not disabled.

The ALJ's decision is not supported by substantial evidence. Each time this matter was remanded for another hearing it was due to a lack of evidence from a vocational expert. At the third hearing, a vocational expert identified two potential occupations, a flagger and a gate guard, however the decision was remanded because Plaintiff's psychiatric evaluation precluded jobs that affect the well-being of others and are not supervised. The Appeals Council directed the ALJ to obtain supplemental evidence from a vocational expert for the fourth hearing. A vocational expert did not testify at the fourth hearing, nor was one scheduled to appear. The prior decisions of the ALJ concluding that Plaintiff could not perform her past relevant work are not without weight. Three times Plaintiff has carried her burden of showing that she could not perform her

past relevant work and three times Defendant has failed to carry its burden of proof at step five. The ALJ cannot simply ignore these prior determinations.

Defendant argues that a remand and "further administrative proceedings are required" in order to conduct additional fact-finding. Ten years have passed and Plaintiff has endured four hearings before an ALJ; the record is more than fully developed. In this most recent decision, the ALJ made selective use of the record, dismissed Plaintiff's IQ and GAF scores, and did not consider Plaintiff's psychological limitations. The ALJ's conclusion that Plaintiff was not disabled during the closed period is not supported by substantial evidence. Accordingly, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED, and the matter is REVERSED.

SO ORDERED, this __7__ day of August 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 7:07-cv-00112-BO   Document 20   Filed 08/08/08   Page 4 of 4